IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40208

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

RICARDO CASARES,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(L-95-CR-197-1)
_____
March 7, 1997

Before KING, GARWOOD, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Ricardo Casares appeals his conviction and sentence for
conspiracy to posses marihuana under 21 U.S.C. §§ 841(a)(1),
841(b)(1)(D), and 846.  Finding no error, we affirm.

I.      BACKGROUND

     On June 21, 1995, a small white Ford driven by Jamie
Miranda-Nunez ("Miranda") was detained at the Interstate 35
checkpoint in Laredo, Texas.  A search of the vehicle revealed

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

13.4 kilograms of marihuana, 170.3 grams of cocaine, and $4,900 in counterfeit bills stored inside the gas tank. After initially denying cognizance of the contraband's presence, Miranda admitted his knowledge of the marihuana and agreed to cooperate with the authorities in their investigation of the matter.

The authorities seized a cellular phone from Miranda during their investigation. A Drug Enforcement Administration Task Force officer discovered that the phone had the telephone numbers of Ricardo Casares ("Casares") and Joel Hernandez ("Hernandez") stored in its memory. Miranda was asked to telephone Casares. During the ensuing phone conversations, Miranda and Casares discussed whether Miranda was bringing the contraband, obliquely referring to it as "junk" or "stuff", and whether Casares possessed the money which he owed to Hernandez.

Pursuant to his role in Miranda's activities, Casares was indicted on September 6, 1995, on two counts. One count was for conspiracy to possess with intent to distribute less than 50 kilograms of marihuana under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D). The second count was for conspiracy to possess with intent to distribute less than 500 grams of cocaine under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).

Further evidence was introduced at trial to illuminate Casares's role in the drug conspiracy activities. First, Miranda testified that Casares had received a delivery of marihuana in May 1995 that Miranda had transported for Hernandez. Miranda

2

also noted that he observed Casares's personal use of cocaine while he waited at his residence for payment on the delivery.

Second, a law enforcement officer testified that a search of Casares's residence on September 25, 1995, revealed bundles of marihuana, cellophane wrappings similar to the wrappings found on the packages seized from Miranda on June 21, two scales commonly used to weigh drugs for distribution, and used syringes.

Casares was found guilty on both charged counts by a jury on December 8, 1995. After Casares filed a Motion for Judgment of Acquittal, the trial court vacated his conviction on the count for conspiracy to possess with intent to distribute less than 500 grams of cocaine.[1] The trial court sentenced Casares to serve thirty-six months in federal prison, followed by a three-year term of supervised release.

Casares appeals the conviction and sentence to this court, raising three points of error. Casares claims that: (1) the evidence was insufficient to support his marihuana conspiracy conviction; (2) the district court abused its discretion in admitting extrinsic evidence of narcotics offenses; and (3) the district court clearly erred in including the cocaine amount as relevant conduct for his sentencing on the marihuana conspiracy.

## II.    DISCUSSION

---

[1]The trial court's basis for this action was the "rule against multiplicity". The trial judge had asked the parties to brief the court on this subject subsequent to Casares's Motion for Judgment of Acquittal.

3

A.    Sufficiency of the Evidence in Casares's Conviction

This court reviews challenges to the sufficiency of the evidence in a criminal case to determine whether a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Pedroza*, 78 F.3d 179, 182 (5th Cir. 1996). We consider all the evidence and all reasonable inferences drawn from it in the light most favorable to the jury's verdict. *See Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Johnson*, 87 F.3d 133, 136 (5th Cir. 1996).

In order to prove a drug conspiracy, the government must prove: (1) the existence of an agreement between two or more persons to violate the narcotics laws; (2) that the defendant knew of the agreement; and (3) that the defendant voluntarily participated in the agreement. *See United States v. Inocencio*, 40 F.3d 716, 725 (5th Cir. 1994).

Casares contends that his mere association with Miranda is insufficient to support his conviction and that the recorded phone conversations of June 21 are inconclusive as to whether the two were talking about marihuana. In particular, he claims that the references to "junk" and "stuff" were to the counterfeit money.

4

Miranda testified at trial, however, that the references to "junk" and "stuff" actually alluded to the marihuana. The uncorroborated testimony of a co-conspirator will support a conviction, provided that the testimony is not incredible or otherwise insubstantial on its face. *See United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994). Miranda's credible testimony, together with the government's corroborating physical evidence, sufficiently establishes beyond a reasonable doubt that Casares had an agreement to violate the narcotics laws, that he knew of the agreement, and that he voluntarily participated in the agreement.

B.    Admission of Extrinsic Evidence

This court reviews evidentiary rulings of a district court with respect to intrinsic or extrinsic evidence for abuse of discretion. *See United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996). Casares argues that the trial judge abused his discretion in admitting evidence with regard to Casares's May and September 1995 marihuana trafficking activities, as well as allowing Miranda to testify about Casares's personal use of cocaine.

Federal Rule of Evidence 404(b) excludes evidence of extrinsic offenses to prove that a defendant acted in conformity

with his character.  FED. R. EVID. 404(b).[2]  Evidence of extraneous

acts is "intrinsic", however, when those acts are "inextricably

intertwined" with the crime charged.  *See United States v.*

*Coleman*, 78 F.3d at 156.  Casares's drug trafficking in May and

September was sufficiently intertwined with the events of June 21

that the evidence was admissible.

Furthermore, the admission of evidence pertaining to

Casares's personal use of cocaine was likewise within the

discretion of the judge.  This court applies a two-part test in

assessing claims of error under 404(b): (1) whether the evidence

is relevant to an issue other than the defendant's character, and

(2) whether the probative value of the evidence is substantially

outweighed by the danger of undue prejudice.  *See United States*

*v. Broussard,* 80 F.3d 1025, 1039-40 (5th Cir. 1996) (*citing*

_____

[2]Rule 404(b) sets out, in pertinent part:

Rule 404.   Character Evidence Not Admissible to Prove
            Conduct; Exceptions; Other Crimes

(b) Other crimes, wrongs, or acts.  Evidence of other
crimes, wrongs or acts is not admissible to prove the character
of a person in order to show action in conformity therewith.  It
may, however, be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident, provided that upon
request by the accused, the prosecution in a criminal case shall
provide reasonable notice in advance of trial, or during trial if
the court excuses pretrial notice on good cause shown, of the
general nature of any such evidence it intends to introduce at
trial.

*United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)).

The district court allowed the evidence of Casares's personal use of cocaine as corroborative testimony showing the relationship between Miranda's statements and evidence collected by law enforcement officials.  The trial judge, in view of all the evidence, did not abuse his discretion in assessing that the probative value of the personal use testimony was not substantially outweighed by its undue prejudice.

C.   Inclusion of the Cocaine in Sentencing Factors

Casares argues that his base offense level under the Federal Sentencing Guidelines was erroneously determined to be twenty. Casares contends that the base offense level should have been sixteen because the trial court should not have included the amount of cocaine with the amount of marihuana in determining the base offense level.

This court will uphold a district court's determination of a defendant's relevant conduct for sentencing purposes unless it is clearly erroneous.  *See United States v. Puig-Infante*, 19 F.3d 929, 942 (5th Cir. 1994).  Even if we were to consider Casares to have been acquitted of the cocaine charge (which is a questionable way of viewing an acquittal such as the one at issue here), nevertheless the sentencing judge can properly consider acquittal-based conduct as relevant conduct for sentencing

purposes.  *See United States v. Watts,* 117 S. Ct. 633, 637-38

(1997); *United States v. Juarez-Ortega*, 866 F.2d 747, 749 (5th

Cir. 1989).  The 170.3 grams of cocaine seized on June 21, 1995,

was significantly suggestive of possession with intent to

distribute that the judge could consider the amount in setting

Casares's base offense level.[3]

### III.    CONCLUSION

For the foregoing reasons, the decision of the district

court is AFFIRMED.

---

[3]In fact, the jury had determined that Casares was guilty beyond a reasonable doubt of the cocaine-related charge. Acquitted conduct must necessarily have been proved only by a preponderance of the evidence in order to be considered with regard to sentencing.  *See United States v. Watts*, 117 S. Ct. at 638.